UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES AND ACQUISITON OF CELL-SITE INFORMATION | ) ) ) ) ) ) ) ) ) ) MISC. NO. 2:17CM3158-SRW<br><br>**Filed Under Seal** |

## APPLICATION

The United States of America, moving by and through Verne H. Speirs, Assistant United States Attorney for the Middle District of Alabama, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d), authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the Verizon Wireless cell phone numbers **(404) 354-1964 and (470) 421-5828** (the "**TARGET CELL PHONES**"), and the acquisition of certain approximate location information for the **TARGET CELL PHONES**, and other dialing, routing, and signaling information that may be associated with communications to or from the **TARGET CELL PHONES**, as described in Attachment A to the proposed Order, in connection with a criminal investigation conducted by the United States Marshals Service of **Worldly Dieago HOLSTICK** regarding possible violations of 21 U.S.C. § 846. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.  The Court may authorize the installation and use of pen-trap devices to collect prospective dialing, routing, signaling and addressing information associated with wire and

electronic communications, not including the contents of any communication, pursuant to 18 U.S.C. §§ 3122-24. The Court may order a cell phone provider to disclose records or other information relating to the provider's subscribers pursuant to 18 U.S.C. §§ 2703(c)(1) and (d). Based on the combined authority of these statutes, the United States seeks prospective location information and other dialing, routing, signaling and addressing information concerning communications originating or terminating from the cell phone.

2.   18 U.S.C. § 3123(a)(1) gives the court the authority to authorize the installation and use of pen-trap devices anywhere within the United States, where the Court finds that an attorney for the Government has certified to the Court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. Under 18 U.S.C. § 3122(b), an application for the authorization of a pen-trap device must include three elements. (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3.   The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure. The law enforcement agency conducting the investigation is the United States Marshals Service.

4.   In the next section of this application, the applicant will certify that the information likely to be obtained through this order is relevant to this ongoing criminal investigation.

5.  Verizon Wireless is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d) to require Verizon Wireless to disclose the items described in Section II of Attachment A.

6.  A court order under 18 U.S.C. § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records or other information described in Section II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

7.  A cellular telephone, or cell phone, is a mobile device that transmits and receives wire and electronic communications. Individuals using cell phones contract with service providers, who maintain antenna towers covering specific geographic areas. In order to transmit or receive calls and data, a cell phone must send a radio signal to an antenna tower that, in turn, is connected to a cellular service provider's network.

8.  In addition to a unique telephone number, each cell phone has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cell phone could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services

Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cell phone to a cellular antenna or tower – are like the telephone numbers of an incoming call. They can be recorded by pen-trap devices and indicate the identity of the cell phone device making the communication without revealing the communication's content.

9. Verizon Wireless is a company that provides cellular telephone access to the general public. Providers of cellular telephone service have technical capabilities that allow them to collect data that identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received radio signals from particular cell phones ("cell-site" location information). For each communication a cell phone makes, its cellular providers can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. Many cell towers divide their coverage up into multiple sectors (most often three 120° sectors). Where this is the case, the provider can usually identify the sector of the tower that transmitted the communication. However, cell towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to the cell phone does not necessarily serve every call made to or from that phone. Accordingly, this cell-site information allows law enforcement to determine only the general location of a cell phone.

10. In addition, a list of incoming and outgoing telephone numbers is generated when a cell phone is used to make or receive calls, or to send or receive text messages (which may include photographs, videos, and other data). These telephone numbers can be recorded by pen-trap devices and then used to identify the parties to a communication without revealing the

4

communication's contents. A cell phone can also be used to exchange text messages with email accounts. Email addresses associated with those text messages can be recorded by pen-trap devices and then used to identify parties to a communication without revealing the communication's contents.

11. On June 28, 2017, the Middle District of Alabama issued a sealed Arrest Warrant on **Worldly Dieago HOLSTICK** for the charge of Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846. On July 17, 2017, the Drug Enforcement Administration (DEA) sought the aid of the U.S. Marshals Service (USMS) in apprehending **HOLSTICK**.

12. On July 17, 2017, the DEA provided the phone number (404) 354-1964 as a contact for **HOLSTICK**. The DEA identified (404) 354-1964 as a contact for **HOLSTICK** through wire intercepts during the Title III wiretap phase of the DEA investigation, which ended on May 12, 2017. On July 25, 2017, a Facebook.com search of (404) 354-1964 was conducted and the account "Worldly Deago" with photos of an individual who appears to be **Worldly Dieago HOLSTICK** was found. The last post on this account is dated July 25, 2017, at 11:17 a.m.

13. On July 26, 2017, the DEA provided the USMS with Verizon Wireless cell phone number (470) 421-5828 as another cell phone for **HOLSTICK**. DEA identified this number as a possible contact for **HOLSTICK** through toll records search of other numbers associated with a Title III wiretap investigation on **HOLSTICK** that concluded on May 12, 2017.

14. On July 21, 2017, the Auburn Police Department in Auburn, Alabama, conducted a search warrant on a "stash house" and seized a cell phone belonging Tyesha Lockhart, an associate of **HOLSTICK**. On July 25, 2017, the Auburn police Department executed a search warrant on the contents of Lockhart's cell phone and found cell phone number (470) 421-5828 listed as **HOLSTICK's**. Text messages in Lockhart's phone indicate that Lockhart was communicating with **HOLSTICK** via text messages on July 21, 2017, the date Lockhart's phone was seized. In response to an administrative subpoena, Verizon Wireless provided the subscriber information on (470) 421-5828: Darrick Black, 1168 Howell Mill Rd NW, Atlanta, GA.

15. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the United States Marshals Service, as required by 18 U.S.C. § 3122(b)(2). Similarly, the facts set forth above show that there are reasonable grounds to believe that the records and information described in Section II of Attachment A are relevant and material to an ongoing criminal investigation, as required by 18 U.S.C. § 2703(d). Specifically, this information will help the United States Marshals Service identify and locate suspects in this case.

## GOVERNMENT REQUESTS

16. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the information described in Attachment A for each communication to or from the **TARGET CELL PHONES**, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8), and does not seek GPS data.

17.     The United States further requests that the Court authorize the foregoing installation and use for a period of 60 days, pursuant to 18 U.S.C. § 3123(c)(1).

18.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Verizon Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the United States Marshals Service, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

19.     The United States further requests that the Court order that the United States Marshals Service and the applicant have access to the information collected by the pen-trap devices as soon as practicable, 24 hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

20.     The United States further requests that the Court order Verizon Wireless and any other person or entity whose assistance may facilitate execution of this Order to notify applicant and the United States Marshals Service of any changes relating to the **TARGET CELL PHONES**, including changes to subscriber information and to provide prior notice to the applicant and the United States Marshals Service before terminating or changing service to the **TARGET CELL PHONES.**

21.     This Court has jurisdiction to issue the proposed Order because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the

7

Court is a district court of the United States that has jurisdiction over the offense being investigated; *See* 18 U.S.C. § 2711(3)(A)(i); and/or is in a district in which Verizon Wireless is located.

22.     The United States further requests that the Order require Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber(s) of the **TARGET CELL PHONES** the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, unless and until authorized by this Court. *See* 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2). Such a requirement is justified because the Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution.

23.     The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. *See* 18 U.S.C. § 3123(d)(1). As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their disclosure may seriously jeopardize that investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2017.

                Respectfully submitted,

                A. CLARK MORRIS
                ACTING UNITED STATES ATTORNEY

                Verne H. Speirs
                Assistant United States Attorney